319 Ga. 175
FINAL COPY

S24C0302. SMITH et al. v. MILLSAP et al.

ORDER OF THE COURT.

The Supreme Court today denied the petition for certiorari in this case.

*All the Justices concur*.

PETERSON, Presiding Justice, concurring.

John Smith's certiorari petition raises an issue of possible gravity: whether the broad power of trial courts to order disputed funds to be paid into the registry of the court pending resolution of the dispute includes an equally broad power to *disburse* funds from the registry before the dispute has been resolved. But this is an issue of gravity warranting our review in this case only if Smith is correct that the Court of Appeals actually held that trial courts have such broad power. He is not.

Although some text in the Court of Appeals's decision might be read as Smith does, such a reading requires taking that text out of the narrow context of the long and complex procedural posture of

this case. That makes all the difference. "[A] decision's holding is limited to the factual context of the case being decided and the issues that context necessarily raises. Language that sounds like a holding — but actually exceeds the scope of the case's factual context — is not a holding no matter how much it sounds like one." *Schoicket v. State,* 312 Ga. 825, 832 (1) (865 SE2d 170) (2021) (punctuation omitted) (quoting *Ga. Interlocal Risk Mgmt. Agency v. City of Sandy Springs*, 337 Ga. App. 340, 340 n.1 (788 SE2d 74) (2016)); see also *American Anesthesiology of Ga. v. Northside Hosp.*, 362 Ga. App. 350, 357 (1) (867 SE2d 531) (2021) (citing the quoted language as support for its conclusion that a previous decision "must be read as limited by its facts").

So understood, the holding of the Court of Appeals was simply that the trial court had authority to disburse the funds at issue given the specific circumstances of this case. This narrow holding was plainly correct. Accordingly, I concur in the denial of Smith's petition for a writ of certiorari.

I am authorized to state that Justice McMillian joins in this concurral.

Ordered May 29, 2024.

Certiorari to the Court of Appeals of Georgia — 369 Ga. App. 430.

*Blaska Holm, Jeffrey T. Holm*, for appellants.

*Gamble Clark, David T. Houtsma, Aaron M. Clark; Krevolin & Horst, Halsey G. Knapp, Jessica Cino*, for appellees.